IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT BETTS, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| TULLY YOUNT et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:10-CV-4120-TWT |

### **ORDER**

Plaintiff, *pro se*, is confined at the Douglas County Jail in Douglasville, Georgia. He filed this action on December 17, 2010, alleging that Defendants illegally arrested, falsely imprisoned, and maliciously prosecuted him. On December 28, 2010, the Court directed Plaintiff to provide additional information regarding his claims because it appeared that the claims may be barred by the statute of limitations. (Doc. 5.) Plaintiff complied with that Order and filed an amended complaint. (Doc. 8.) The Court now conducts the frivolity review.

### I.   The Frivolity Review Standard

A federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous, and must be

dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

## II.    Plaintiff's Claims[1]

On April 11, 2008, Defendant Yount, a Douglas County Sheriff's Deputy, stopped Plaintiff while he was driving through Douglas County on Interstate Twenty. Although Yount purportedly stopped Plaintiff for traffic violations, Plaintiff contends that Yount stopped him because of his race.  Yount detained Plaintiff on the side of the

---

[1] The facts described here are taken from Plaintiff's amended complaints [6 & 8] and presumed true for purposes of the frivolity review.

road until a canine unit arrived to conduct a warrantless search of Plaintiff's car. Drugs were found in the car, and Plaintiff was arrested and taken to the Douglas County Jail. Plaintiff first appeared in court before a magistrate on April 14, 2008.

Plaintiff was convicted of felony drug crimes and is serving his sentence in the Douglas County Jail. He contends that the traffic stop, warrantless search of his vehicle, arrest, and ensuing prosecution and imprisonment all violated his constitutional rights. According to Plaintiff, there was no probable cause for the traffic stop, search, or arrest. Plaintiff seeks declaratory and injunctive relief.

### III. Analysis

Plaintiff's claims are barred by both the statute of limitations and the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff therefore fails to state a claim upon which relief can be granted.

The statute of limitations for claims brought under 42 U.S.C. § 1983 is two years in Georgia, *i.e.,* complaints like Plaintiff's must be filed with the Court within two years of the alleged constitutional violation. *See Thigpen v. Bibb County*, 223 F.3d 1231, 1243 (11th Cir. 2000). For false arrest and false imprisonment claims, the two-year period begins to run from the date on which the plaintiff was detained pursuant to legal process, *e.g.,* when he is bound over by a magistrate or initially arraigned on

3

charges. *Wallace v. Kato*, 549 U.S. 384, 389-91 (2007) (rejecting claim that false imprisonment ended upon the petitioner's release from custody and not earlier when legal process was initiated against him).

Plaintiff was arrested on April 11, 2008 and was detained pursuant to legal process on April 14, 2008. Thus, the statute of limitations began to run on Plaintiff's false arrest and false imprisonment claims on April 14, 2008 and expired on April 14, 2010. Plaintiff did not file his § 1983 suit until several months after the limitations period expired.[2]

The statute of limitations on Plaintiff's malicious prosecution claim has not begun to run because that claim does not accrue until (or unless) Plaintiff's conviction is overturned or otherwise resolved in his favor. *See Heck*, 512 U.S. at 484-87; *Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11th Cir. 1998). Plaintiff fails to state a viable malicious prosecution claim, however, because he does not allege that his conviction

---

[2] Plaintiff's suit is deemed filed on December 17, 2010, the date on which the Court received Plaintiff's initial complaint. Plaintiff does not get the benefit of the prison mailbox rule because he did not deliver his complaint to jail officials for delivery to the Court through the jail's mailing system. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001). Instead, Plaintiff mailed his complaint to a relative in Gwinnett County on August 24, 2010, who copied it and mailed it to the Court. (Doc. 8 at 2.) The mailing was postmarked December 16, 2010, and the Court receive it the next day. Even if Plaintiff had sent his complaint to the Court via the jail's mail system in August 2010, it still would be untimely.

4

has been overturned or otherwise resolved in his favor. *See Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008) (holding that a required element of a malicious prosecution claim is that the prosecution terminated in the plaintiff-accused's favor). The claim is not ripe and will be dismissed without prejudice.

Plaintiff contends that his suit is timely because he could not have filed it before his state criminal prosecution ended given that federal courts will not intervene in ongoing state criminal prosecutions. It is not clear that the Court would have had to interfere with Plaintiff's state case if he had brought his false arrest and false imprisonment claims while his state prosecution was pending. Even if abstention would have been warranted had Plaintiff filed this action while his criminal prosecution was pending, the abstention doctrine does not toll the statute of limitations or excuse a § 1983 plaintiff from timely filing his civil action. *See Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980) (holding that possibility of abstention did not toll the limitations period and observing that a district court may stay a timely filed § 1983 action until state criminal proceedings are completed). As one court observed, "prerequisite to obtaining any such tolling relief, of course, is the timely filing of the § 1983 action that will prompt abstention during the pendency of related state court proceedings. Because plaintiff did not timely file his § 1983 action, he

5

forfeited any hope of such relief." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 641 (6th Cir. 2007).

Plaintiff further argues that under *Heck*, the statute of limitations did not begin to run on his claims until he was convicted in state court. The Supreme Court has rejected that argument and held that the commencement of the statute of limitations for claims based on false arrest and false imprisonment is not delayed because of an anticipated future conviction. *Wallace*, 549 U.S. at 393-94. The Supreme Court further held that the statute of limitations for such claims is not tolled while the *Heck* bar subsists. *Id.* at 394-96. Like the petitioner in *Wallace*, Plaintiff's claims are barred by the statute of limitations because he filed this action more than two years after those claims accrued. *See id.* at 397.

Finally, Plaintiff's claims are also barred by *Heck* because success on those claims would necessarily imply the invalidity of his conviction and he has not alleged that his conviction has been reversed on direct appeal, expunged, or otherwise declared invalid. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Plaintiff alleges that the

6

traffic stop that initiated the events he complains about in this suit was unlawful and that the search of his vehicle was unlawful as the fruit of the unlawful stop. The search uncovered drugs, the possession of which was the crime for which Plaintiff was convicted. Thus, if Plaintiff succeeded on his claim that the traffic stop was unlawful, the ensuing unlawful search would require suppression of the drugs and, consequently, "the conviction could not be salvaged." *See Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003) (holding that *Heck* barred claims stemming from a traffic stop that revealed drugs that were the basis of the criminal conviction). Plaintiff's claims are therefore barred by *Heck*, in addition to being untimely.

**IV.   Conclusion**

For the foregoing reasons, Plaintiff's malicious prosecution claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's remaining claims are **DISMISSED** under 28 U.S.C. § 1915A. Plaintiff is granted leave to proceed *in forma pauperis* for purposes of dismissal only.

SO ORDERED, this 26 day of January, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge